IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN PAUL BROWNING,

    Petitioner,

vs.                                                                        1:03cv163-MMP/AK

PAUL DECKER, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

By prior Report and Recommendation, the undersigned recommended that Respondents' motion to dismiss be denied, and that this cause be remanded for further proceedings.  Doc. 10.  More specifically, the undersigned found that he was unable to find the petition untimely, reasoning that "If Petitioner did not have the factual predicate for his claim until March, 2001, and **if he could not have discovered this information before then even with the exercise of due diligence**, then this petition is timely."  *Id*. (footnote omitted) (emphasis added).

Respondents filed lengthy objections to the R&R.  Doc. 11.  After considering those objections and Petitioner's response, the Court adopted the R&R, incorporating it by reference into its ruling, and denied Respondents' motion to dismiss.  Doc. 16.  In

reaching its decision, the Court found: "Considering the less stringent standard for a pro se party and the fact that Petitioner does allege that he was unaware of his lack of credit for time served until March of 2001...it cannot be held that under any state of facts Petitioner did not exercise due diligence in discovering the factual predicate of his current claim." *Id.* With the motion to dismiss having been denied, then, this cause returned to the undersigned for further proceedings, and the Court ordered Respondents to file another response. Doc. 17. Respondents filed their response and, in part, renewed their contentions that this habeas petition is untimely. Doc. 18. Petitioner has filed a reply, Doc. 20, and thus, this cause is in a posture for decision. Having carefully considered the matter, the Court recommends that the habeas petition be denied as untimely.

At the time the Court issued the original R&R, it did not have anything before it–other than a generalized equitable tolling argument–to warrant dismissal of this case as untimely. On further review, however, and after Respondents specifically addressed the issue raised in the R&R, the Court believes that Respondents are correct that this cause is untimely. There not only are no grounds for equitably tolling the one-year statute of limitations but also no evidence that Petitioner acted diligently in discovering the factual predicate of his habeas claims.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitations can run from "the date on which the factual predicate of the claim...presented could have been discovered through the exercise of due diligence."  Petitioner maintains that "[i]t was not until 2001 when [he] got into a dispute with Florida D.O.C. officials about whether or not his final expiration date was correct that he discovered he had not received his jail-time credit...."  Doc. 1.  In his response to Respondents' objections to the first R&R, he sets that time more definitely as "between mid-February and March 1st, 2001."  Doc. 15, Ex. C.  The question thus becomes whether Petitioner could have, through the exercise of due diligence, discovered at some time before early 2001 that he had not been given jail credit when he was sentenced in 1987.

Attached to Respondents' objections to the R&R is a June, 1994, letter from Petitioner to the Dixie County Clerk of Court in which Petitioner requests a copy of his "'Plea of Colloquy'" and a copy of the sentencing transcript and directs that the information be sent to Helene Berman in Miami, Florida.  Doc. 11, Ex. L.  Noted in a different handwriting at the bottom of the letter is the following: "copies mailed 10-17-94."  *Id.*  According to Petitioner, he never received the requested documents because by the time the clerk "allegedly mailed something to [his] girlfriend, Ms. Helene Berman," he had broken up with her.  Doc. 15, Ex. C.  In that same document, Petitioner

maintains that when he decided to dismiss the direct appeal of his criminal convictions in 1987, he requested counsel "to send [him] a copy of all [his] court documents." *Id*. However, he "never received any documents, or copies thereof...." *Id*.

In this Court's opinion, these two actions by Petitioner in 1987 and then in 1994 clearly show that Petitioner knew he had a right to the documents related to his convictions and sentencing and that he was aware of where and how to procure those documents.  His failure to follow up on either request, either in writing, by telephone, or through a third person, exhibits a quintessential lack of due diligence, whether analyzed under § 2244(d)(1)(D) or equitable tolling standards.  Thus, with the exercise of even some small amount of diligence, Petitioner could have known the factual predicate of the instant claim, i.e., that he was not given jail credit, long before 2001.

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 29th day of June, 2006.

s/ A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.